UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL ACTION NO. 2:10-00196

**WAYNE ANDERSON VANCE**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On April 25, 2019, the United States of America appeared by Andrew J. Tessman, Assistant United States Attorney, and the defendant, Wayne Anderson Vance, appeared in person and by his counsel, Andrew J. Katz, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Steven M. Phillips. The defendant commenced a three-year term of supervised release in this action on October 18, 2017, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on June 7, 2012.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant violated state and local law inasmuch as on December 5, 2017, he was pulled over by law enforcement for a traffic stop at which time it was discovered that he was driving on a revoked driver's license; (2) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by him on October 12, December 19 and 26, 2018, January 23 and 28 and February 5 and 20, 2019, for amphetamine and methamphetamine; a positive urine specimen submitted by him on January 4, 2019, for methamphetamine, the defendant having admitted to the probation officer that he snorted methamphetamine on January 1, 2019; a positive urine specimen submitted by him on January 18, 2019, for cocaine, amphetamine and methamphetamine; a positive urine specimen submitted by him on February 27, 2019, for oxymorphone; and a positive urine specimen submitted by him on March 1, 2019, for methamphetamine, amphetamine and marijuana, the defendant having admitted to the probation officer that he smoked methamphetamine on February 26, 2019; (3) the defendant failed to notify the probation officer of his change in residence

2

inasmuch as he reported that he had moved to his mother's residence on January 24, 2019, and on February 7, 2019, the probation officer learned from the defendant's mother that he had only stayed at her residence for two nights and moved out; (4) the defendant failed to report his arrest for domestic battery which occurred on November 8, 2018, inasmuch as the probation officer did not learn about the arrest until it was discovered by him on February 7, 2019, during a criminal records inquiry; and (5) the defendant failed to report for urine screens as directed on June 15, July 12, August 9, September 12 and 21, October 22, December 13, 2018, and January 2 and 11, 2019; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **TIME SERVED**, ending May 3, 2019, to be followed by a term of thirty-three (33) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he participate in, and successfully complete, the 9 to 12 month residential substance abuse treatment program at Recovery Point in Parkersburg, West Virginia, where he shall follow the rules and regulations of the facility, participate in drug abuse counseling and treatment, and submit to random urine screens as directed by the program and the probation officer. The defendant shall travel directly from his place of incarceration, without interruption, to the Recovery Point program.

The defendant was remanded to the custody of the United States Marshal.

The court directs that the defendant be released from imprisonment at or before 11:00 a.m. on May 3, 2019.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: May 3, 2019

John T. Copenhaver, Jr.
Senior United States District Judge