```
               UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:10-00196-3

**WAYNE ANDERSON VANCE**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On July 17, 2019, the United States of America appeared by Andrew Tessman, Assistant United States Attorney, and the defendant, Wayne Anderson Vance, appeared in person and by his counsel, Paul Stroebel, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Steven M. Phillips. The defendant commenced a thirty-three month term of supervised release in this action on May 3, 2019, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on May 3, 2019.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant failed to participate in and successfully complete the 9 to 12 month residential drug treatment program at Recovery Point, in that he commenced the program on May 3, 2019 and voluntarily left fifteen days thereafter on May 18, 2019; and (2) the defendant unlawfully used and possessed an illicit controlled substance, as reflected by a urine specimen provided on June 10, 2019, which tested positive for methamphetamine and amphetamine; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TEN (10) MONTHS, to be followed by a twenty-three month term of supervised release under the same conditions as heretofore, with the exception that the defendant no longer be required to attend the 9-12 month recovery program, and with the additional condition that the defendant make himself available for drug abuse treatment and counseling as directed by the probation officer. The court recommends that the defendant serve his imprisonment as close to Logan County as feasible, at a facility in which drug abuse counseling and/or treatment may be made available for him.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: July 18, 2019

John T. Copenhaver, Jr.
Senior United States District Judge